IN THE MATTER OF M. A. TURNER, LUNATIC, AND MATHILDE S. TURNER, GUARDIAN, EX PARTE.

(Filed 13 May, 1931.)

**Insane Persons D b—Remedy of creditors of lunatic to subject estate to payment of debts contracted before adjudication is by civil action.**

Where judgment creditors of a lunatic seek to subject the funds of the estate in the hands of the guardian to the payment of their debts contracted before the adjudication of lunacy, their remedy is by civil action in the Superior Court and not by petition, and a petition brought by them for this purpose is properly dismissed.

APPEAL by petitioners from *Cowper, Special Judge*, at March Term, 1931, of MECKLENBURG. Affirmed.

This is a proceeding begun by the petition of certain judgment creditors of M. A. Turner, a lunatic, on behalf of themselves and all other judgment creditors of the lunatic.

They pray that the court make an order that Mathilde S. Turner, guardian of the lunatic, disburse certain funds in her hands as such guardian, as payments pro rata on the judgments recovered of the lunatic and his guardian, on debts contracted by the lunatic prior to his adjudication.

From judgment dismissing the proceeding, without prejudice, the petitioners appealed to the Supreme Court.

*F. A. McClenaghan and Thomas C. Guthrie for petitioners.*
*Shore & Townsend for Mrs. George H. Read, respondent.*

CONNOR, J. There is no error in the judgment dismissing this proceeding. The relief sought by the petitioners on the facts alleged in their petition can be had only in a civil action begun and prosecuted in the Superior Court.

The petitioners and all other creditors of M. A. Turner, lunatic, should be made parties in the action entitled, "Mrs. George H. Read *v.* M. A. Turner *et al.*," this day remanded to the Superior Court of Mecklenburg County for further proceedings in accordance with the opinion in *Read v. Turner, ante, 773.*

Affirmed.